UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA CRYDER,

     Plaintiff,

v.                                                                    Case No:   6:16-cv-605-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff, Christina Cryder appeals to this Court from Defendant, the Commissioner of Social Security's final decision to deny her application for supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **reversed** and the case be **remanded**, pursuant to sentence four of 42 U.S.C. § 405(g).

### I. Background[1]

On August 9, 2012, Plaintiff applied for benefits under Title II of the Social Security Act, 42 U.S.C. § 416, alleging a disability onset dated of July 15, 2012 (Tr. 167-172, 195). Her claim was denied initially and on reconsideration (Tr. 103-108, 112-116). At Plaintiff's request, an ALJ conducted a hearing on August 1, 2014 (Tr. 37-76, 117-119). Plaintiff was forty-seven years old with a general education diploma when the ALJ's unfavorable decision, dated October 3, 2014, was issued (Tr. 20-36, 167, 200). On March 3, 2016, the

---

[1] The information in this section comes from the parties' joint memorandum filed on November 1, 2016 (Doc. 15).

Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-7). Consequently, the ALJ's decision is the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process which appears in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her August 9, 2012 application date (Tr. 25). At step two, the ALJ found Plaintiff severely impaired by: HIV, asthma, and hepatitis C virus (Tr. 25). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 416.920(d), 416.925 and 416.926) (Id.). Before proceeding to step four, the ALJ decided that with certain limitations, Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) (Tr. 25-29). At step four, the ALJ found that Plaintiff was unable to perform any past relevant

work (Tr. 29). But, the ALJ ultimately concluded at step five that there were other jobs in the national economy – like ticket taker, officer helper, and "assembler plastic hospital products" – that Plaintiff could perform and therefore, she was not disabled (Tr. 29-30).

### III. Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

The only issue Plaintiff raises on appeal is that the Appeals Council committed

reversible error when it failed to properly consider new, material evidence she submitted

after the ALJ ruled (Doc. 15 at 9-12). The new evidence is a questionnaire Dr. Rusiecki

completed on December 11, 2014 by checking "Yes" or "No" in response to questions

printed on the form (Tr. 16). Dr. Rusiecki checked the box marked "Yes" to indicate that in

his opinion, the following symptoms and limitations were reasonably consistent with

Plaintiff's medical signs and findings he observed:

> The inability to sit upright in a chair for three hours or more in an eight-hour workday five days a week due to pain and fatigue.
>
> The inability to be on her feet (standing or walking) for three or more hours in an eight-hour workday five days a week due to pain and fatigue.
>
> Extreme fatigue.
>
> Shortness of breath.
>
> Unable to concentrate for twenty five percent or more in an average day.
>
> The need for frequent (at least hourly) unscheduled breaks at least fifteen minutes.
>
> Inability to perform even sedentary work activity eight-hours per day five days per week on a reliable sustained basis.
>
> Based upon a review of the medical records, the patient history provided by [Plaintiff], and the level of severity of the impairments which were diagnosed upon examination, in your opinion, have the above impairments and limitations existed since August 2012?

(Id.). In its denial, the Appeals Council said it looked at these statements/questions and

Dr. Rusiecki's answers but:

> The [ALJ] decided your case through October 3, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 3, 2014.

(Tr. 2).

The Appeals Council's decision to disregard Dr. Rusiecki's opinions on the ground that they were generated outside the relevant time frame is erroneous because the doctor's final opinion is that Plaintiff's impairments and limitations existed since August 2012 – one month after Plaintiff's onset date (Tr. 16). Thus, the Appeals Council had the responsibility to properly consider the evidence and adequately state reasons for rejecting it.

In Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987), the Eleventh Circuit explained that "'the judicial determination whether remand is necessary is a *de novo* proceeding.' Cherry v. Heckler, 760 F.2d 1186, 1194 (11th Cir. 1985). In order to demonstrate that a remand is necessary "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted)." Id.

The questionnaire is clearly new in that it came into existence after the ALJ issued her decision. The evidence is "material" in that it provides medical support for Plaintiff's subjective claims so that there is a reasonable possibility the new evidence would change the administrative outcome. Lastly, there is good cause to submit the results of the questionnaire after the administrative hearing because, when the hearing was held, the evidence did not exist.

The Appeals Council's decision not to consider the questionnaire is prejudicial to Plaintiff because the restrictions indicated by Dr. Rusiecki are more limiting than those

encompassed in the residual functional capacity assessment which the ALJ formulated for Plaintiff. If the ALJ accepts Dr. Rusiecki's opinion, it may be sufficient to demonstrate that Plaintiff is disabled.

The Commissioner argues that the Appeals Council considered the evidence and determined that it did not provide a basis for changing the ALJ's decision (Id. at 12). This argument is contradicted by the Appeals Council's own statement that the new information did not apply. The Commissioner then proceeds to offer several post hoc reasons for the Appeals Council's rejection of the evidence: "Dr. Rusiecki's opinion includes only circled responses with no citations to medical evidence or explanation of how he reached his conclusions;" the doctor's opinions are not supported by (and is inconsistent with) the record evidence; the opinion contradicts another opinion offered by the same doctor on a different date; the doctor failed to cite to any objective medical evidence in support of his opinion; objective medical evidence does not support the doctor's findings; and "Plaintiff's condition may have worsened after the ALJ issued her decision in October 2014, but any such deterioration in her condition is irrelevant to whether she was disabled on or before October 2, 2014" (Id. at 14-15).

The Court is not interested in new explanations/arguments the Commissioner first makes at this stage in the proceedings. The Court is only concerned with the reasoning the Appeals Council offered (or failed to offer) when it rendered its decision. See Lawton v. Comm'r Soc. Sec., 431 F. App'x 830, 834 (11th Cir. 2011) (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); Mulholland v. Astrue, Case No. 1:06-cv-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008) (the Court rejected the Commissioner's argument noting that the "court cannot consider post hoc reasons for affirming an ALJ's decision, and instead must confine its review to the validity of the grounds upon which the

ALJ based its decision."); Shinn ex rel. Shinn v Comm'r Soc. Sec., 391 F.3d 1276 (11th Cir. 2004).

The Appeals Council did not consider the new, material evidence submitted by Plaintiff. Consequently, the Appeals Council also failed to adequately state reasons for rejecting Plaintiff's new evidence. On this record, I respectfully recommend the district court reject the Commissioner's final decision and remand the case.

## V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

(1) The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

(2) The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

(3) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

## VI. Notice To Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

     Presiding United States District Judge
     Counsel of Record