UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINA CRYDER,**

      **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　　　Case No: 6:16-cv-00605-41TBS

**COMMISSIONER OF SOCIAL SECURITY,**

      **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Plaintiff Christina Cryder pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), which seeks judicial review of the Commission of the Social Security Administration's ("Commissioner") decision denying Plaintiff's application for social security income ("SSI") payments. On May 1, 2017, Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 16), where he recommends that the Commissioner's final decision be reversed and remanded for further proceedings. The Commissioner filed an Objection to the United States Magistrate Judge's Report and Recommendation ("Objection," Doc. 17), to which Plaintiff filed a Response to Defendant's Objections ("Response," Doc. 18). After an independent *de novo* review of the record, the R&R will be adopted.

**I.　LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R.

Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

After a *de novo* review of the record, the Court agrees with Magistrate Judge Smith's well-reasoned analysis. While "the Appeals Council is not required to make specific findings of fact when it denies review," it must "'consider . . . additional evidence' that is new, material, and chronologically relevant." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015) (citing 20 C.F.R. § 416.1470(b)). The subject questionnaire is indisputably "new" evidence, as it came into existence after the ALJ issued her decision. The questionnaire is "material" because it is a medical opinion that corroborates Plaintiff's subjective complaints and limitations. As such, there is a reasonable possibility that it would change the outcome of the administrative decision. Lastly, the questionnaire is chronologically relevant because it relates back to the period between Plaintiff's alleged onset date of disability and the ALJ's decision. The Appeals Council was therefore required to consider the questionnaire.

It is apparent that the Appeals Council did not consider the questionnaire. In fact, an examination of the Appeals Council's decision reveals that it concluded that the questionnaire was not chronologically relevant to Plaintiff's application for benefits. (*See* R. on Appeal, Doc. 10-2, at 3). However, this conclusion is erroneous because, in the questionnaire, Dr. Rusiecki explicitly opines that Plaintiff's limitations and impairments "existed since August 2012." (*See id.* at 17). The Commissioner maintains that any error the Appeals Council may have made is harmless because "nothing in the treatment records from Outreach Community Care Network, which

evidence examinations from May 2013 through July 2014, support the December 2014 opinion regarding Plaintiff's allegedly disabling limitations dating back to August 2012." (Doc. 17 at 2). However, the Court may not accept the Commissioner's impermissible *post hoc* rationalizations for the Appeals Council's decision to deny Plaintiff's request for review. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (per curiam) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order." (internal citation omitted)).

The Appeals Council did not articulate any evaluation of the questionnaire, therefore, to determine whether its decision was harmless, the Court would necessarily have to engage in prohibited activities by deciding facts anew, reweighing the evidence, and substituting its own decision for that of the Commissioner. Accordingly, the Court finds that the case should be reversed and remanded to the Commissioner for evaluation of the entire record. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (per curiam) ("[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate.").

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 16) is **ADOPTED** and **CONFIRMED** and made part of this Order.
2. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.
3. The Clerk is directed to enter judgment accordingly and close this case.

4. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within thirty days of the date of the Commissioner's letter is sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. Any fee application must be filed within the parameters set forth by the Order entered in *In Re: Procedures for Applying for Attorney's Fees*, No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 14, 2012).

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record